UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO:

THE FLORIDA ATLANTIC UNIVERSITY BOARD
OF TRUSTEES,

    Plaintiff,

vs.

NEIL PARSONT, individually, and CRAM TUTORING,
INC., a Florida corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, THE FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES, files this lawsuit against Defendants, NEIL PARSONT and CRAM TUTORING, INC., and alleges:

## INTRODUCTION

1. For over fifty years, FAU has provided world-class teaching and research faculty to students through ten distinguished colleges and has become a highly recognized state university. FAU has expended substantial resources to build a strong brand and set a standard for the quality of its education services.

2. Parsont, formerly in conjunction with his company Owl Tutoring, Inc. f/k/a Neil's Owl Tutoring, Inc. ("Owl Tutoring"), and currently in conjunction with his company Cram Tutoring, offers private tutoring services, including services directed specifically toward University level courses offered by FAU.

3. FAU previously filed a lawsuit in the United States District Court for the Southern District of Florida against Parsont and Owl Tutoring, which was assigned to the Honorable District

1

Judge Roy K. Altman, Civil Action No. 19-81644-CIV-ALTMAN, and styled *Florida Atlantic University Board of Trustees v. Neil Parsont and Owl Tutoring, Inc.* (the "Prior Lawsuit").

4. The Prior Lawsuit was based on Parsont and Owl Tutoring's use of a confusingly similar company name, domain name, color scheme, and owl theme to FAU, improper solicitation and use of students' unique FAU NetIDs and passwords to access FAU's computer network and systems, and misappropriation of FAU's proprietary and confidential course materials.

5. On June 9, 2020, the Honorable Judge Altman entered an Order and Preliminary Injunction in favor of FAU and against Parsont and Owl Tutoring (the "Injunction"), which, *inter alia*, enjoined and restrained Parsont and Owl Tutoring "from obtaining any confidential, secured, federally protected, and/or proprietary information belonging to FAU, either directly or indirectly, for any purpose whatsoever." *Florida Atlantic University Board of Trustees v. Neil Parsont et al.*, 19-81644-CIV-ALTMAN, Doc. 53. A copy of the Injunction is attached as **Exhibit 1**.

6. After this Court entered the Injunction, Parsont, Owl Tutoring, and FAU entered into a settlement agreement on July 14, 2020 (the "Settlement Agreement"). A copy of the Settlement Agreement is attached as **Exhibit 2**.

7. The Settlement Agreement fully incorporated the Injunction by reference, and further provided that Parsont, Owl Tutoring, and their successors and assigns could not store or maintain any of FAU's course materials and could not use information obtained from FAU's materials to market their services.

8. In direct violation of the Settlement Agreement, including the express order of this Court incorporated therein, Parsont and his successor company Cram Tutoring have obtained and used, and are obtaining and using, FAU course materials to market and sell their tutoring services and provide tutoring services to FAU students.

9. Defendants' use of FAU's course materials to market, sell, and provide tutoring services is damaging and diminishing FAU's reputation as an institution of higher education, as well as interfering with FAU's mission to provide a high-quality education to its students.

10. FAU seeks injunctive relief and damages against Defendants' breaches of the Settlement Agreement and tortious interference with FAU's business relationships with its students.

11. Defendants should be permanently enjoined from continuing their wrongful behavior and prohibited from using FAU course materials for any commercial purpose.

## PARTIES, JURISDICTION, AND VENUE

12. The Florida Atlantic University Board of Trustees is a public body corporate with all the powers of a corporation and the governing body of FAU, which is a public university and member of the state university system of Florida with its main campus at 777 Glades Road, Admin, 295, Boca Raton, Florida 33431.

13. FAU has been in existence since 1961.

14. Parsont is an individual citizen of and domiciled in Palm Beach County, Florida.

15. Cram Tutoring is a Florida corporation with its principal place of business at 3200 North Federal Hwy, 206-18, Boca Raton, Florida 33431.

16. Parsont is the sole incorporator, officer, and director of Cram Tutoring.

17. This Court has jurisdiction over the subject matter of this action because it is directly related to the Prior Lawsuit and the Injunction entered by this Court.  The Prior Lawsuit involved FAU's claims arising under the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and invoked the subject matter jurisdiction of this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367(a).

18. This Court has personal jurisdiction over Defendant Cram Tutoring, who has purposefully availed itself of the laws of the State of Florida, because Cram Tutoring is incorporated in Florida, has its principal place of business in Palm Beach County, Florida, markets and sells services within the State of Florida and on the internet, and entered and breached the Settlement Agreement and obtained FAU's course materials in this District.

19. This Court has personal jurisdiction over Defendant Parsont, who has purposefully availed himself of the laws of the State of Florida, because he is a citizen of and domiciled in Florida, markets and sells services within the State of Florida and on the internet, and entered and breached the Settlement Agreement and obtained FAU's course materials in this District.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants reside within this District and a substantial part of the events giving rise to the claims occurred within this District.

## FACTUAL ALLEGATIONS

**A.    Prior Lawsuit Between FAU and the Parsont Parties.**

21. In the Prior Lawsuit, FAU asserted claims against Parsont and Owl Tutoring for trademark and trade dress infringement, false designation of origin, unfair competition, violations of the Computer Fraud and Abuse Act ("CFAA"), violations of Florida's Computer Abuse and Data Recovery Act ("CADRA"), and tortious interference with FAU's business relationships.

22. On June 9, 2020, the Honorable Judge Altman entered the Injunction, which enjoined and restrained Parsont and Owl Tutoring "from obtaining any confidential, secured, federally protected, and/or proprietary information belonging to FAU, either directly or indirectly, for any purpose whatsoever." Exhibit 1, p. 26.

23. On July 14, 2020, FAU, Parsont, and Owl Tutoring entered into the Settlement Agreement, which attached and fully incorporated by reference the Injunction. See Exhibit 2, ¶6 and Ex. A.

24. Pursuant to the Settlement Agreement, Parsont and Owl Tutoring agreed "to at all times comply with the terms of the Injunction, …" including specifically the prohibition against them obtaining "any confidential, secured, federally protected, and/or proprietary information belonging to FAU..." Exhibit 2, ¶6.

25. Parsont and Owl Tutoring further agreed not to "store or maintain any of FAU's materials, such as class syllabi, problem sets, tests, sample or practice tests, or other assignments," and not to "use the information obtained from FAU's materials to market their services." Id.

26. Additionally, pursuant to the Settlement Agreement, Parsont and Owl Tutoring were only permitted to "view FAU materials, such as class syllabi, problem sets, and other assignments, along with students to perform" their tutoring services. Id.

27. The Settlement Agreement, along with its terms and conditions, is binding upon each of the parties and their successors-in-interest and assigns. See id. at ¶17.

28. As part of the Settlement Agreement, Parsont agreed not to operate as or otherwise use the name "Owl Tutoring".

29. Parsont now operates as Cram Tutoring.

30. Cram Tutoring is a successor-in-interest and/or assign of Parsont and/or Owl Tutoring.

31. Indeed, the parties specifically contemplated Cram Tutoring being the ongoing business and successor-in-interest to Owl Tutoring in the Settlement Agreement. See id. at ¶¶4, 5.

B.  **Defendants' Breaches of the Settlement Agreement.**

32. Parsont and Cram Tutoring advertise, market, and sell their tutoring services specifically to FAU students, as shown on their website available at www.cramtutoring.com.

33. Defendants market and advertise their tutoring services as being "customized" to FAU, and even identify specific FAU courses by name and professor. Representative samples of Defendants' advertisements are shown below and attached as **Composite Exhibit 3:**





6

127469607.1

34.     In direct violation of the Settlement Agreement, Defendants specifically market and advertise their tutoring materials as being based upon FAU's course materials, including homework, exams, and other assignments. Representative samples are shown below and attached as **Composite Exhibit 4:**



127469607.1



35. Defendants specifically offer to help students with their homework and assignments, and even tout their services as being superior to "school tutors" who cannot help students complete homework. A screenshot of Cram Tutoring's webpage (https://cramtutoring.com/private-tutoring) is shown below and attached as **Exhibit 5**:



127469607.1

36.     In fact, Defendants not only "help" FAU students with homework and non-exam assignments but offer to sell and sell them "step-by-step" videos of Parsont completing their *exact* homework and other assignments for their *current* FAU courses. Screenshots of Cram Tutoring's webpage (https://cramtutoring.com/digital-materials) and certain project videos next to the FAU course assignment being completed are shown below and attached as **Composite Exhibit 6:**





127469607.1



37. FAU's Code of Academic Integrity specifically prohibits academic dishonesty, including a student having someone complete an assignment in the student's place and/or turning in someone else's work as the student's own, including the buying and selling of assignments. A copy of FAU's Code of Academic Integrity is attached as **Exhibit 7**.

38. Additionally, Defendants actively solicit students to provide them FAU course materials on their website in direct violation of the Settlement Agreement and Injunction, as shown below and attached as **Composite Exhibit 8:**



39. Defendants also enter FAU student group chats via the messaging app "WhatsApp" and solicit students to send them FAU course materials and "project files" in direct violation of the Settlement Agreement and Injunction. A screenshot of a sample message is shown below and attached as **Composite Exhibit 9**:




11



C.    **Defendants' Behavior is Causing Ongoing Irreparable Harm.**

40.    Defendants offer tutoring services that are based entirely on FAU's proprietary course materials.

41.    Defendants are blatantly and willfully violating the Settlement Agreement, including the Injunction entered by this Court in the Prior Lawsuit and incorporated into the Settlement Agreement, by soliciting and obtaining FAU's proprietary course materials and using the materials to market and advertise their services directly to FAU students.

127469607.1

42. Defendants actively solicit FAU students to provide proprietary and valuable course material and information belonging to FAU, which is causing irreparable injury to FAU. At this time, FAU does not know the extent of the materials and information misappropriated by Defendants.

43. Moreover, Defendants are using FAU's course materials in their "tutoring" videos, which they sell to students for a profit, who in turn use the videos to complete their current FAU course assignments and homework, thereby obtaining an unfair advantage in violation of FAU's Code of Academic Integrity.

44. Defendants know students use the videos to copy Defendants' work and turn the completed assignments and homework in as their own to FAU. Indeed, in the videos, Defendants acknowledge that students are following along and copying their work, and even end them by telling students they are "good to submit" the completed assignments and "get full credit."

45. Defendants' improper and unlawful use of FAU's course materials to create "tutoring" videos showing students precisely how to complete their homework and other assignments for a fee is damaging and diminishing FAU's reputation as an institution of higher education, as well as interfering with FAU's mission to provide a high quality education in which no student enjoys an unfair advantage over any other.

46. FAU has and will continue to suffer imminent harm and irreparable injury if Defendants are not enjoined from breaching the Settlement Agreement and using FAU's materials without authorization.

47. FAU has been irreparably injured by Defendants' conduct in a manner that cannot be accurately measured. FAU's damages are not ascertainable or easily calculated. Accordingly,

monetary damages are inadequate to compensate FAU for the unquantifiable injury to its reputation caused by Defendants' conduct and FAU lacks an adequate remedy at law.

48. Considering the balance of the hardships between FAU and Defendants, a remedy in equity is warranted. The threatened harm to FAU outweighs the harm that an injunction would inflict on Defendants because it is FAU who will ultimately suffer if Defendants are permitted to continue their damaging efforts. Any harm resulting to Defendants would be the prevention of unjust enrichment through their unlawful actions.

49. Issuing an injunction would not adversely affect the public interest and public policy, and would in fact be in the best interests of the public.

50. All conditions precedent to this action have been satisfied, occurred, or otherwise been waived.

## FIRST CAUSE OF ACTION

### Breach of Contract

51. FAU repeats and re-alleges the allegations in paragraphs 1 through 50 of the Complaint.

52. The Settlement Agreement is a valid, binding, and enforceable contract between FAU and Defendants.

53. Pursuant to paragraph 6 of the Settlement Agreement, Defendants agreed to at all times comply with the terms of the Injunction incorporated by reference, including specifically the requirement that they were not to "obtain any confidential, secured, federally protected, and/or proprietary information belonging to FAU, either directly or indirectly, for any purpose whatsoever." Exhibit 2, ¶6.

54. Pursuant to paragraph 6 of the Settlement Agreement, the parties agreed that Defendants could view FAU materials along with students to perform tutoring services, but Defendants could not "store or maintain any of FAU's materials, such as class syllabi, problem sets, tests, sample or practice tests, or other assignments," and would not "use the information obtained from FAU's materials to market their services." Id.

55. Defendants not only view FAU materials separate and apart from students in violation of the Settlement Agreement, but also obtain, store, and maintain FAU's proprietary course materials and use the materials to create "tutoring" videos, which they then market and sell to students. See Exhibit 9.

56. Defendants materially breached the Settlement Agreement by (i) obtaining confidential and proprietary information belonging to FAU, (ii) storing and/or maintaining FAU's materials, (iii) using the information obtained from FAU's materials to market their services, and/or (iv) using confidential and proprietary information belonging to FAU in the provision of their tutoring services for a profit, including their "tutoring" videos sold on Cram Tutoring's website and privately to students via WhatsApp.

57. Because of Defendants' actions, FAU has been damaged.

58. Defendants further agreed that any breach of the Settlement Agreement would result in irreparable harm to FAU and that, in addition to all other remedies available to it, FAU would be entitled to the immediate entry of an injunction restraining Defendants from committing or continuing any breach of the Settlement Agreement. See Exhibit 2, ¶15.

59. Defendants' conduct is causing immediate and irreparable harm and injury to FAU, and to its reputation, and will continue to damage FAU unless enjoined by this Court. FAU has no adequate remedy at law.

60. FAU has retained the undersigned attorneys and is obligated to pay them a reasonable fee for services rendered.

61. Pursuant to the terms of the Settlement Agreement, FAU is entitled to recover its reasonable attorneys' fees and costs against Defendants incurred in bringing this action. See id. at ¶23.

62. As a direct and proximate result of Defendants' actions, FAU is entitled to injunctive relief and an award of damages in an amount to be determined at trial, together with attorneys' fees, costs and prejudgment and post-judgment interest.

**WHEREFORE**, FAU respectfully requests that this Court enter judgment in its favor and against Parsont and Cram Tutoring for injunctive relief, an award of damages in an amount to be determined at trial, attorneys' fees pursuant to the Settlement Agreement, costs, and pre and post judgment interest, and for such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

### Tortious Interference with Business Relationships

63. FAU repeats and re-alleges the allegations in paragraphs 1 through 50 of the Complaint.

64. Defendants knew of FAU's business relations with its students.

65. Defendant Parsont is himself a former student of FAU.

66. Defendants intentionally and unjustifiably interfered with FAU's business relations with its students by improperly soliciting them to provide proprietary course materials belonging to FAU to Defendants for their own commercial use in violation of FAU's policies and their agreements with FAU.

67. Defendants also intentionally and unjustifiably interfered with FAU's business relations with its students by improperly offering to sell and selling students step-by-step videos of Parsont completing their homework and other assignments for current FAU courses, which the students can copy and gain an unfair advantage in violation of FAU's policies and their agreements with FAU.

68. Defendants' conduct in offering to sell, advertising, and selling students videos they can copy to complete their current FAU course assignments, which Defendants know or reasonably should know will be submitted by the students to FAU, is unjustified and in fact unlawful under section 877.17 of the Florida Statutes.

69. Defendants know or reasonably should know students will submit the copied assignments to FAU and even acknowledge as much in their videos by telling students they are "good to submit" the completed assignments and "get full credit".

70. Defendants have induced or caused, and will continue to induce or cause, FAU's students to violate their business relationships with FAU.

71. By virtue of Defendants' tortious interference, FAU has been and will continue to be irreparably harmed.

72. As a direct and proximate result of Defendants' conduct, FAU has incurred substantial damages in an amount to be determined at trial.

**WHEREFORE**, FAU respectfully requests that this Court enter judgment in its favor and against Parsont and Cram Tutoring for damages in an amount to be determined at trial, plus costs of this action, pre and post judgment interest, and for such other and further relief as this Court deems just and proper.

## **THIRD CAUSE OF ACTION**

### **Unjust Enrichment**

73. FAU repeats and re-alleges the allegations in paragraphs 1 through 5, 8 through 22, 29 through 30, and 32 through 50, inclusive, of the Complaint.

74. Defendants have misappropriated FAU's course materials and are using the misappropriated course materials in connection with their marketing, advertisements, and provision of tutoring services.

75. FAU has invested substantial time, money, and effort into developing and maintaining its proprietary course materials.

76. By virtue of Defendants' misappropriation and extensive use of FAU's course materials, a substantial benefit has been conferred on Defendants. Specifically, Defendants have generated substantial revenues from the misappropriated materials and saved considerable costs by virtue of not having to develop their own materials.

77. Defendants are and have been aware of the substantial benefit they are receiving from using FAU's course materials and have willingly accepted those benefits.

78. Defendants have unjustly benefited from the use of FAU's course materials, and under the circumstances, it would be inequitable for Defendants to retain the benefit without compensating FAU for such benefit, including all profits derived from the materials.

**WHEREFORE**, FAU respectfully requests that this Court enter judgment in its favor and against Parsont and Cram Tutoring for monetary damages in an amount to be determined at trial, plus costs of this action, pre and post judgment interest, and for such other and further relief as this Court deems just and proper.

Dated: November 30, 2021

          **FOX ROTHSCHILD LLP**
          777 South Flagler Drive
          Suite 1700 West Tower
          West Palm Beach, FL 33401
          Telephone: (561) 835-9600
          Facsimile: (561) 835-9602

          By:   *s/ Megan A. McNamara*
                 Amy S. Rubin
                 Florida Bar No: 476048
                 arubin@foxrothschild.com
                 Megan A. McNamara
                 Florida Bar No: 112636
                 mmcnamara@foxrothschild.com

          *Attorneys for Plaintiff, the Florida Atlantic*
          *University Board of Trustees*

127469607.1